**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

WILLIAM CHRISTIAN, Prisoner
Identification No. 2811476,

    Petitioner,

    v.

BETTY JOHNSON, Baltimore County
Detention Center Assistant Jail Administrator,
and
THE ATTORNEY GENERAL OF THE
STATE OF MARYLAND,

    Defendants.

Civil Action No. TDC-14-3994

**MEMORANDUM ORDER**

On December 19, 2014, Petitioner William Christian ("Christian") filed a Petition for Writ of Habeas Corpus together with a Motion for Leave to Proceed In Forma Pauperis. ECF Nos. 1 & 2. At the time Christian filed his Petition, he was being held in pre-trial detention at the Baltimore City Detention Center, located in Baltimore, Maryland, on a series of state charges, including armed robbery and first-degree assault. Maryland Judiciary Case Search, Criminal Action No. 113199024, *available at* http://casesearch.courts.state.md.us.[1] Christian claimed he had been in detention since June 2014, and that his continued pre-trial detention violated his constitutional right to a speedy trial and Maryland Rule 4-271, which requires that criminal trials take place 180 days after a defendant's initial appearance. MD Rules, Rule 4-271(a)(1). He asked this Court to order his release from pre-trial custody. In February 2015, Christian pled guilty to armed robbery. He is now serving a 20-year prison sentence for that

---

[1] The Court takes judicial notice of these court proceedings pursuant to Fed. R. Evid. 201(b)(2).

conviction and is currently incarcerated at Western Correctional Institution in Cumberland, Maryland. Maryland Judiciary Case Search, Criminal Action No. 113199024.

Turning first to the Motion for Leave to Proceed In Forma Pauperis, based on the information Christian provides, he appears to be indigent. Mot. at 1-2. His Motion is therefore granted. 28 U.S.C. § 1915(a)(1) (authorizing courts to allow indigent parties to proceed "without prepayment of fees").

Turning to the Petition, because Christian is no longer in pre-trial detention, the relief he requests—release from that detention—cannot be provided. His Petition is therefore moot. However, even if the Petition still presented an active controversy, this Court could not hear it. Habeas corpus relief from state incarceration is available only if a petitioner has exhausted state court remedies. *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 490 (1973) (explaining that the Court could consider the petitioner's challenge to state pre-trial detention because he "ha[d] exhausted all available state court remedies for consideration of that … claim"). At the time this Petition was filed, there was no evidence that Christian had sought any state court relief on his speedy trial claims, much less that he had exhausted all avenues of relief in the state courts on those claims. Thus because Christian's claims are now moot, and because they could not be considered by this Court in the first instance, the Petition must be dismissed.

Christian has no absolute entitlement to appeal a district court's dismissal of his habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (explaining that there is no appeal as of right of a denial of "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"). To appeal this Court's denial of his Petition, Christian must therefore obtain a Certificate of Appealability ("COA"). When, as here, a district court dismisses a habeas corpus petition solely on procedural grounds, a petitioner must

demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling'" in order to be entitled to a COA. *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (citing *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Because Christian has made no such showing here, this Court will not issue a COA. Christian may still seek a COA from the United States Court of Appeals for the Fourth Circuit. *See* Fed. R. App. P. 22(b)(1) (explaining that if a district judge denies a COA, a petitioner "may request a circuit judge to issue it").

      Accordingly, because the relief Christian requests can no longer be granted, his Petition for Writ of Habeas Corpus is DISMISSED as moot. The Clerk shall close the case.

Date:  June 23, 2015                                                              /s/
                                                                           THEODORE D. CHUANG
                                                                           United States District Judge